THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, individually and on behalf of a
class of all persons and entities similarly situated,

      Plaintiff,

vs.                                              Case No. __2:23-cv-63__

SELECTQUOTE INSURANCE SERVICES INC.

      Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Stewart Abramson (hereinafter collectively referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by SeletQuote Insurance Services Inc. ("SelectQuote") to telemarket services through the use of a pre-recorded message to residential telephone numbers.

3. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide Class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Stewart Abramson resides in this District.

6. He is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant SelectQuote Insurance Services, Inc. is a corporation headquartered in Kansas. It is also registered to do business in Pennsylvania and offers insurance services in Pennsylvania.

**Jurisdiction & Venue**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, the Plaintiff's receipt of the calls – occurred in this District.

**TCPA BACKGROUND**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any residential telephone number. *See* 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

15. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

16. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing call at issue.

Calls to Plaintiff

17. The Plaintiff received at least two pre-recorded calls on his residential telephone line, 412-XXX-6954.

18. That number is not associated with a business and is used for personal purposes.

19. One such call was on January 6, 2023.

20. The pre-recorded message stated "Hello. This is Sarah. I am a Medicare health plan advisor on a recorded line."

21. The Plaintiff interacted with the recorded message and he was then connected with a licensed insurance sales agent named Rian Wiler.

22. Rian Wiler stated that she works for "SelectQuote Senior".

23. Rian Wiler was attempting to sell the Plaintiff supplemental Medicare insurance.

24. Rian Wiler has an email address of agentlicensing@selectquote.com on public insurance records.

25. The Plaintiff received another pre-recorded call on January 10, 2023.

26. The pre-recorded message stated "Hi. This is Nina with the Medicare department at healthcare benefits."

27. The Plaintiff interacted with the recorded message and he was then connected with a licensed insurance saled agent named Branden Laing.

28. Branden Laing stated that he works for "SelectQuote".

29. Branden Laing was also attempting to sell the Plaintiff supplemental Medicare insurance.

30. Branden Laing has an email address of agentlicensing@selectquote.com on public insurance records.

31. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

### Class Action Statement Pursuant to LCvR 23

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Robocall Class:** All persons within the United States: (1) to a residential telephone number (2) SelectQuote (or a company acting on behalf of SelectQuote) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

34. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

35. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class due to the *en masse* nature of automated telemarketing campaigns.

39. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (b) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b)) on behalf of the Robocall Class

46. Plaintiff incorporate the foregoing paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of SelectQuote and/or their affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48. As a result of SelectQuote's and/or its affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to the residential telephone number using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. If the SelectQuote's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting SelectQuote and/or its affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to any residential telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls, except for emergency purposes, utilizing pre-recorded messages;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for themselves and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

                Plaintiff,
                By Counsel,

                By: */s/ Jeremy C. Jackson*
                Jeremy C. Jackson (PA Bar No. 321557)
                BOWER LAW ASSOCIATES, PLLC
                403 S. Allen St., Suite 210
                State College, PA 16801
                Tel.: 814-234-2626
                jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*